UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-06713 DMG (PJWx)** | Date | May 7, 2013 |
| Title | *Ora Hampton v. U.S. Bank, NA, et al.* | Page | 1 of 8 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS [Doc. # 15]**

### I.
### INTRODUCTION

On February 6, 2013, this Court granted Defendant JP Morgan's motion to dismiss the Complaint with leave to amend. [Doc. # 14.] On February 21, 2013, Plaintiff filed a First Amended Complaint ("FAC") alleging the following claims: (1) declaratory relief; (2) negligence; (3) violation of the "Helping Families Save Their Homes Act of 2009" (Truth in Lending Act, "TILA"), 15 U.S.C. § 1641(g); (4) wrongful foreclosure and set aside trustee's sale; and (5) quiet title. [Doc. # 14.]

On March 11, 2013, Defendants filed a second motion to dismiss [Doc. # 15], originally set for hearing on April 26, 2013 [Doc. # 7]. On April 23, 2013 the Court deemed the matter suitable for decision without oral argument and took it under submission. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, JP Morgan's motion is **GRANTED** in part and **DENIED** in part.

### II.
### FACTUAL BACKGROUND

According to the FAC, Plaintiff resides at a property in Bellflower, CA ("the Subject Property"). (FAC ¶ 8.) In January 2007, Plaintiff executed a Note and Deed of Trust in favor of Defendant JP Morgan to obtain a loan on the Subject Property. (*Id.* ¶ 27.) In November 2008, JP Morgan assigned all beneficial interests under the Deed of Trust to U.S. Bank and recorded an Assignment of Deed of Trust. (*Id.* ¶ 29.) Neither JP Morgan nor U.S. Bank ever informed Plaintiff of the assignment. (*Id.*) When Plaintiff inquired with JP Morgan as to the holder of her loan, JP Morgan "refused to disclose the information. (*Id.* ¶ 96.) JP Morgan continued to act as the servicer of the loan after the assignment. (*Id.* ¶ 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-06713 DMG (PJWx)** | Date | May 7, 2013 |
| Title | *Ora Hampton v. U.S. Bank, NA, et al.* | Page | 2 of 8 |

In October 2008, Plaintiff requested a loan modification from JP Morgan. (FAC ¶ 32.) During the review process, JP Morgan requested payment of $20,000.00 to "cure the default," which Plaintiff paid. (*Id.*) According to Plaintiff, JP Morgan "failed to apply Plaintiff's $20,000.00 to her loan, denied Plaintiff's loan modification and proceeded to foreclosure proceedings." (*Id.*) Plaintiff asserts that she has never received any response or information about the whereabouts of her $20,000.00 payment. (*Id.*) Plaintiff requested a loan modification again in 2010, which JP Morgan denied on the basis that "investors" would not agree to a modification. (*Id.* ¶ 33.) Plaintiff alleges that, as a result of JP Morgan's conduct during her loan modification processes, she suffered damages ultimately leading to foreclosure and her impending eviction from the Subject Property.

### III.
### LEGAL STANDARD

Defendants seek dismissal of each claim in the FAC under Fed. R. Civ. P. 12(b)(6). The legal standards for evaluating motions to dismiss under Rule 12(b)(6) are set forth in detail in the Court's previous order, and the Court need not repeat them here.

### IV.
### DISCUSSION

**A.    The FAC States a Claim Under TILA Against U.S. Bank**

Count III alleges that U.S. Bank is liable under TILA, 15 U.S.C. § 1641(g). Under that section, a creditor who obtains a mortgage loan by sale or transfer must notify the borrower in writing of such transfer, including:

(A)    The identity, address, telephone number of the new creditor;
(B)    The date of transfer;
(C)    How to reach an agent or party having authority to act on behalf of the new creditor;
(D)    The location of the place where transfer of ownership of the debt is recorded; and
(E)    Any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g)(1). In its previous order, the Court found that the complaint failed to plead sufficient facts to establish liability or that Plaintiff suffered actual damages as a result of any violation.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-06713 DMG (PJWx)** | Date | May 7, 2013 |
| Title | *Ora Hampton v. U.S. Bank, NA, et al.* | Page | 3 of 8 |

      The FAC states that Plaintiff "never received any notices indicating any relevant information regarding the new creditor" after U.S. Bank obtained the loan by assignment on or around November 24, 2008. (FAC ¶¶ 29, 96.) It states that JP Morgan "refused to disclose the information" when Plaintiff inquired about the identity of her lender, and that Chase represented itself as the owner of the loan as late as March 2009. (*Id.* ¶¶ 30, 96.) Although these allegations are still minimal, they are sufficient to state a claim that U.S. Bank failed to notify Plaintiff of the assignment within 30 days. *See Derusseau v. Bank of America, N.A.*, No. CV 11-01766, 2011 WL 5975821 at *5 (S.D. Cal. Nov. 29, 2011) (complaint failed to state a TILA claim where it failed to state when the purported transfer occurred or why the defendant was subject to the requirements of Section 1641(g)).

      The FAC still fails to demonstrate that Plaintiff suffered actual damages because of any alleged TILA violation. The FAC states, "As a result of U.S. Bank's violations, Plaintiff's home was foreclosed and she has now to pay attorneys' fees to defend against an eviction and fraudulent foreclosure." (FAC ¶ 97.) It further states that the actual damages include "over calculation and overpayment of interest on Plaintiff's loan, the costs of repairing Plaintiff's credit, the reduction and/or elimination of Plaintiff's credit limits, costs associated with removing the cloud on the title of Plaintiff's Property, and attorneys' fees and costs." Like the allegations in the complaint, these allegations are insufficient to establish that the damages were caused by U.S. Bank's failure to provide notice of the assignment. *See Che*, 847 F. Supp. 2d at 1210 (rejecting plaintiff's speculative argument that foreclosure constituted "actual damages" to establish liability under Section 1641(g); *Beall v. Quality Loan Serv. Corp.*, No. CV 10-01900, 2011 WL 1044148 (S.D. Cal. Mar. 21, 2011) (dismissing TILA claim for failure to allege actual damages caused by defendant's failure to provide notice of assignment). Plaintiff's alleged damages arise out of her default and the foreclosure itself, not out of the failure to notify, and the FAC fails to provide any facts linking the lack of notice to the default or foreclosure to satisfy the causation requirement. As Plaintiff has already had one opportunity to remedy this aspect of her TILA claim and has failed to do so, it appears that amendment would be futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (district court did not abuse its discretion by denying leave to amend where proposed amendments would have been futile).

      Plaintiff has, however, stated a claim for statutory damages as provided under Section 1640(a)(2). (FAC ¶ 99.) *See Wise v. Wells Fargo Bank, N.A.*, 850 F. Supp. 2d 1047, 1053 (C.D. Cal. 2012); *Vogan v. Wells Fargo Bank, NA*, No. CV 11-02098, 2011 WL 5826016 at *5 (E.D. Cal. Nov. 17, 2011). Accordingly, Defendants' motion to dismiss Count III is **GRANTED** insofar as it seeks actual damages, but it is **DENIED** as to statutory damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-06713 DMG (PJWx)** | Date | May 7, 2013 |
|---|---|---|---|

| Title | *Ora Hampton v. U.S. Bank, NA, et al.* | Page | 4 of 8 |
|---|---|---|---|

**B.** **The Complaint States a Claim for Negligence Against JP Morgan**

Defendants next challenge Count II of the Complaint, for negligence, on the ground that they did not owe Plaintiff a duty of care. Plaintiff asserts that JP Morgan, as servicer, owed her a separate duty to collect and account for Plaintiff's payments and to engage in a loan modification process in a reasonable manner. (FAC. ¶ 86.) Plaintiff also asserts that U.S. Bank owed her a duty of care to "discharge its contractual duties under the Note and/or Deed of Trust with reasonable care," and that U.S. Bank is vicariously liable for JP Morgan's actions. (FAC ¶ 85.)

**1.** **U.S. Bank as Lender**

To state a claim for negligence, a plaintiff must show that (1) the defendant owed a duty of care; (2) the defendant breached that duty; (3) the breach caused the plaintiff injury; and (4) the plaintiff was damaged. *Sullivan v. JP Morgan Chase Bank, N.A.*, 725 F. Supp. 2d 1087, 1093 (E.D. Cal. 2010) (citing *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917, 50 Cal. Rptr. 2d 309 (1996)). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096, 283 Cal. Rptr. 53 (1991) (internal citations omitted). Under certain circumstances, a lender may owe a duty of care to a borrower in the context of a particular transaction. *Id.* at 1095-96. In determining whether a duty of care existed, courts consider the following factors: (1) the extent to which the transaction was intended to affect the plaintiffs; (2) the foreseeability of harm to them; (3) the degree of certainty that the plaintiffs suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Id*. at 1098 (citing *Biakanja v. Irving*, 49 Cal. 2d 647, 650, 320 P.2d 16 (1958)).

Here, the FAC alleges no facts to suggest that U.S. Bank's involvement in the loan transaction went beyond its conventional role as lender. *See Das v. Bank of America, N.A.*, 186 Cal. App. 4th 727, 741, 112 Cal. Rptr. 3d 439 (2010); *Nymark*, 231 Cal. App. 3d at 1096. As pleaded, the FAC fails to state a claim for negligence against U.S. Bank.

**2.** **JP Morgan as Servicer**

Courts also recognize that a loan servicer may owe a duty of care in certain circumstances. *See, e.g.*, *Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1187-88 (C.D. Cal. 2011) (servicer owed duty of care to disclose reinstatement amount to plaintiff); *Gardner v. American Home Mortg. Serv., Inc.*, 691 F. Supp. 2d 1192, 1199 (E.D. Cal. 2010) (servicer owed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-06713 DMG (PJWx) | Date | May 7, 2013 |
|---|---|---|---|

| Title | Ora Hampton v. U.S. Bank, NA, et al. | Page | 5 of 8 |
|---|---|---|---|

duty not to accept payments to which it was not entitled). In light of the *Nymark* factors listed above, Plaintiff has adequately pleaded that JP Morgan owed her a duty of care when it failed to properly credit her account $20,000.00 she paid in connection with her loan modification application. (*See* FAC ¶ 32.) The transaction was intended to affect Plaintiff, as JP Morgan specifically requested payment from Plaintiff in furtherance of her application. It was foreseeable that Plaintiff would be directly harmed if that substantial sum was not applied to her loan. In this case, however, the FAC fails to state facts suggesting that JP Morgan acted beyond the scope of its traditional duties as a servicer. When JP Morgan inaccurately represented to Plaintiff that her payment of $20,000.00 would cure her default and, impliedly, increase her chances of receiving a loan modification, the transaction was no longer "arm's-length." *Oaks Mgmt. Corp. v. Superior Court of San Diego Cnty.*, 145 Cal. App. 4th 453, 466, 51 Cal. Rptr. 3d 561 (2006). JP Morgan owed Plaintiff a duty to apply all payments received in an appropriate manner.

The FAC adequately states that JP Morgan breached that duty by failing to apply the $20,000.00 payment that Plaintiff remitted at JP Morgan's request in connection with her loan modification application. (FAC ¶ 32.) Further, it states that this failure caused Plaintiff damage by exacerbating her default and ultimately causing the foreclosure on the Subject Property. (*Id.* ¶¶ 87-88.) Accordingly, the FAC states a claim for negligence against JP Morgan.

C.  **The FAC's Claims for Wrongful Foreclosure and Quiet Title**

Count IV asserts that the foreclosure was invalid because it was caused by Defendant's misrepresentations in connection with the loan modification process. (FAC ¶¶ 102-105.) Plaintiff's claim for wrongful foreclosure also asserts that the Note and Deed of Trust were improperly transferred in violation of Articles 3 and 9 of the California Commercial Code, and therefore Defendants lacked authority to initiate foreclosure. (*Id.* ¶ 105.) Count V seeks to quiet title to the subject property on the same bases. (*Id.* at ¶¶ 106-109.)

First, a plaintiff may generally seek equitable relief from foreclosure only where she has plausibly alleged that she has or is able to repay her debt. *See Miller v. Provost*, 26 Cal. App. 4th 1703, 1707, 33 Cal. Rptr. 2d 288 (1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee.") (citing *Booth v. Hoskins*, 75 Cal. 271, 276, 17 P. 225 (1888). In this case, however, the claims are based on alleged misconduct in the servicing of the loan, which Plaintiff claims caused her to enter or sink deeper into default and ultimately lose the Subject Property to foreclosure. (*See* FAC ¶¶ 32, 104.) Thus, because the basis for Plaintiff's suit is that the foreclosure was invalid and not merely procedurally flawed, compliance with the tender rule is not required at this stage. *See, e.g.*, *Barrionuevo v. Chase*

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-06713 DMG (PJWx)** | Date | May 7, 2013 |
|---|---|---|---|
| Title | ***Ora Hampton v. U.S. Bank, NA, et al.*** | Page | 6 of 8 |

*Bank, N.A.*, 885 F. Supp. 2d 964, 969 (N.D. Cal. 2012); *Tamburri v. Suntrust Mortg., Inc.*, No. CV 11-02899, 2011 WL 6294472 at *3 (N.D. Cal. Dec. 15, 2011) (citing *Sacchi v. Mortg. Elec. Registration Sys., Inc.*, No. CV 11-01658, 2011 WL 2533029 at *9-10 (C.D. Cal. June 24, 2011)).

1. **Wrongful Foreclosure and Set Aside Sale**

California recognizes a cause of action for wrongful foreclosure under equitable principles. *Barroso v. Ocwen Loan Serv., LLC*, 208 Cal. App. 4th 1001, 1016, 146 Cal. Rptr. 3d 90 (2012). The FAC alleges that JP Morgan accepted a payment of $20,000.00 from Plaintiff in connection with her application for a loan modification, but that it failed to apply that payment to her account and ultimately caused the foreclosure. To the extent the FAC states a claim for negligence based on this transaction, the FAC also states a claim for wrongful foreclosure.[1]

2. **Quiet Title**

Under Cal. Civ. Proc. Code § 760.010, a plaintiff may seek to quiet title by filing a verified complaint that includes: (1) a legal description and location of the subject property; (2) the title at issue and the basis of the plaintiff's right to the title; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the plaintiff's title against the adverse claims.[2]

Defendants assert that Plaintiff may not bring a quiet title claim because, after the foreclosure process, she does not hold legal title. *See Walters v. Fidelity Mortg. Of CA*, 730 F. Supp. 2d 1185, 1198 (E.D. Cal. 2010). Defendants overstate the rule. While a holder of equitable title generally may not maintain a quiet title action against the owner of *valid* legal title, it may maintain such an action where the facts show fraud or other circumstances to justify invalidating the defendant's legal title. *See id.* (allowing action for quiet title where the plaintiff alleged a pattern of fraudulent conduct culminating in the foreclosure sale); *see also Warren v. Merrill*, 143 Cal. App. 4th 96, 111 n.9, 49 Cal. Rptr. 3d 122 (2006). Plaintiff alleges, however, that her default was caused by JP Morgan's failure to credit her account the $20,000.00 that she

---

[1] To the extent the wrongful foreclosure claim is based on Defendants' alleged failure to comply with Articles 3 and 9 of the California Commercial Code, it is dismissed without leave to amend. (*See* FAC ¶ 105.) Nonjudicial foreclosure in California is governed by the California Civil Code, and courts consistently decline to impose additional requirements into the foreclosure process. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154, 121 Cal. Rptr. 3d 819 (2011).

[2] Although the FAC is not verified, the Complaint was. (*See* Compl. at 28.) The Court considers the verified Complaint as satisfaction of the verification requirement for Plaintiff's quiet title action. Any defect in the FAC in this regard can be cured by the filing of a verified second amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-06713 DMG (PJWx)** | Date | May 7, 2013 |
|---|---|---|---|
| Title | *Ora Hampton v. U.S. Bank, NA, et al.* | Page | 7 of 8 |

paid, at its request, in furtherance of her loan modification application. (*See* FAC ¶ 32.) She further alleges that JP Morgan's actions were "part of a corporate plan of intentional conduct to enhance the amount of money recovered through their mortgage servicing operation." (*Id.* ¶ 34.) Because the FAC states facts that may undermine the substantive validity of the foreclosure, Plaintiff's lack of legal title does not prevent her from maintaining the action to quiet title.

### D.   Plaintiff's Claim for Declaratory Relief is a Remedy, Not a Cause of Action

Count V seeks declaratory relief. Declaratory relief is a remedy and not an independent ground for relief. Therefore, Count V is dismissed without leave to amend, but without prejudice to Plaintiff's ability to seek such relief as a remedy where appropriate.

## V.
## CONCLUSION

In light of the foregoing, the motion to dismiss the FAC is **GRANTED** as follows:

(1)   Count I is **DISMISSED** without leave to amend, but without prejudice to seeking declaratory relief as a remedy where appropriate;

(2)   Count II is **DISMISSED** as to U.S. Bank with leave to amend;

(3)   Count III is **DISMISSED** without leave to amend insofar as it seeks actual damages;

(4)   Count IV is **DISMISSED** without leave to amend insofar as it is based on Defendants' alleged failure to comply with the California Commercial Code in carrying out the foreclosure;

(5)   The motion is **DENIED** in all other respects;

(6)   Plaintiff shall have 15 days from the date of this order to file a verified second amended complaint. **Failure to timely file a verified second amended complaint will result in the dismissal of the action**;

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-06713 DMG (PJWx) | Date | May 7, 2013 |
|---|---|---|---|
| Title | *Ora Hampton v. U.S. Bank, NA, et al.* | Page | 8 of 8 |

    (7)    Defendants shall file a responsive pleading within 15 days of service of a verified second amended complaint.

**IT IS SO ORDERED.**